IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: RICARDO LUIS RODRIGUEZ DOMENECH<br><br>Debtor | CASE NO. 13-04142 (ESL)<br><br>CHAPTER 13 |

OPINION AND ORDER

This case is before the court upon the Debtor's *Motion for Summary Judgment on Objection to Claim #7* and the Treasury Department of the Commonwealth of Puerto Rico's (hereinafter referred to as "Treasury") opposition to the same.  The Debtor alleges that he is not responsible for the collection and payment of trust fund taxes owed by the corporation Home Extras, Inc. and that the same are time barred. Treasury contends that the Debtor, as president of the corporation is liable for the trust fund taxes. For the reasons stated below, the Debtor's *Motion for Summary Judgment on Objection to Claim #7*'s is denied.

Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(b).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

Procedural Background

The Debtor filed a Chapter 13 bankruptcy petition on May 21, 2013.  In his Statement of Financial Affairs ("SOFA") the Debtor disclosed in line item #18 that amongst several businesses, he had a business named Home Extras, Inc. for the years 2000-2005 (Docket No. 15, pg. 37).

On November 18, 2013, Treasury filed proof of claim #7-1 in the amount of $811,133.40, of which $49,116.59 was listed as a priority claim under 11 U.S.C. §507(a)(8), and the remaining $762,016.81 was listed as a general unsecured claim. On January 15, 2014, the Debtor filed his *Objection to Claim Number (7) by Creditor Treasury Department (Hacienda de P.R.) and Notice of Opportunity for Hearing* (Docket No. 69). On March 26, 2014, Treasury filed amended proof

-1-

of claim #7-2 in the amount of $35,210.02, of which $26,333.07 was listed as a priority claim under 11 U.S.C. §507(a)(8), and the remaining $8,876.95 was listed as a general unsecured claim. On March 27, 2014, Treasury filed its *Reply to Debtor's Objection to Claim No. 7 filed by the Puerto Rico Department of Treasury* (Docket No. 88). On May 26, 2014, the Debtor filed his *Reply to Puerto Rico Treasury Department Response to Objection to Claim Number (7) and Objection to Amended Claim Number (7)* (Docket No. 105).

On June 17, 2014, Treasury filed amended proof of claim #7-3 in the amount of $34,633.40, of which $19,437.14 was listed as a priority claim under 11 U.S.C. §507(a)(8), and $8,140.35 was scheduled as a secured claim and the remaining $7,055.91 was listed as a general unsecured claim. On June 18, 2014, Treasury filed its *Sur-Reply to Debtor's "Reply to Puerto Rico Treasury Department Response to Objection to Claim Number (7) and Objection to Amended Claim Number (7)" (Docket 105)* arguing that: (i) the debt pertaining to Home Extras, Inc. is owed by the Debtor because the SOFA on page 37 states an ending date in the year 2005 for the corporation and Schedule B discloses that the Debtor is the owner and thus is obligated to pay all the debt of said corporation. Treasury's position is that the Debtor is responsible for the debt of Home Extras, Inc. pursuant to 11 U.S.C. §507(a)(8)(C) and section 6180 of the Puerto Rico Internal Revenue Code, 13 L.P.R.A. §8180 (Docket No. 109).

On June 24, 2014, an *Order and Notice of Preliminary Pretrial and Scheduling Conference* was scheduled for July 30, 2014 as to the contested matter regarding Debtor's objection to Treasury's claim #7 and Treasury's reply (Docket No. 112). On July 21, 2014, the Debtor filed a *Motion Requesting Entry of Order to Vacate or Convert PreTrial Conference* in order to allow the parties ninety (90) days to conduct discovery (Docket No. 116) and the same was granted on July 28, 2014. The confirmation hearing and the pre-trial hearing were rescheduled for November 12, 2014 (Docket No. 120).

On July 25, 2014, the Debtor filed his *Response to Puerto Rico Treasury Department's Sur-Reply to Debtor's "Reply to Puerto Rico Treasury Department Response to Objection to Claim Number (7) and Objection to Amended Claim Number (7) (Docket 105)* objecting to the

priority portion of the claim filed by Treasury in the amount of $19,437.14 based upon the following: (i) the Debtor was not the person "… bound to collect or withhold any tax levied by this Code [the Puerto Rico Internal Revenue Code]." The Debtor was not the person responsible for withholding taxes at Home Extras, Inc., as Debtor was not part of its daily operations and had a 50% interest in the corporation; (ii) Treasury has not established that the Debtor was the person responsible for collecting and withholding taxes and remitting the same to Treasury; and (iii) sections 6080.01 and 6080.02 of the Puerto Rico Internal Revenue Code of 2011, as amended, (hereinafter referred to as "PR IRC 2011"), 13 L.P.R.A. §§ 33331, 33332 are not applicable to the instant case because the alleged debt was incurred in the years 2001 through 2003, thus the Puerto Rico Internal Revenue Code of 1994, as amended would apply (Docket No. 118).

On May 12, 2015, the Debtor filed a *Motion for Summary Judgment on Objection to Claim #7 Filed at Docket Entry #69* contending the following arguments: (i) Treasury has not presented any evidence, nor statutory support to establish Debtor's personal liability. Home Extras, Inc. is a juridical person, separate and distinct from the Debtor; (ii) section 6080.01 of the PR IRC 2011, 13 L.P.R.A. §33331 is not applicable to the instant case because this particular section was enacted in the year 2011 and the debts in controversy pertain to the years 2001, 2002 and 2003; and (iii) Debtor's liability as the "person" who was required to collect or withhold any tax imposed by the Code has not been established and thus, it cannot be concluded that the Debtor is liable for Home Extra, Inc.'s tax debts (Docket No. 155). Also on May 12, 2015, the Debtor filed his *Statement of Uncontested Facts in Support of Plaintiff's Motion for Summary Judgment* (Docket No. 156). On May 13, 2015, the Debtor filed an *Informative Motion* by which he supplemented his statement of uncontested facts with a declaration from the Debtor (Docket No. 157).

On July 9, 2015, Treasury filed its *Response in Opposition to Debtor's Motion for Summary Judgment on Objection to POC 7 and Memorandum of Law Thereof* by which it contends that: (i) the Debtor is responsible for Home Extras, Inc.'s tax debts pursuant to 11 U.S.C. §507(a)(8)(C); Section 6080.01 of the PR IRC 2011; (ii) the Debtor as Home Extras, Inc.'s

President was the person responsible for withholding taxes and ultimately responsible for the corporation's contributive obligation to pay said debt; and (iii) Treasury argues that both the PR IRC 1994 and the PR IRC 2011 include dispositions that establish liability for withheld taxes. Section 6180 of the PR IRC 1994, 13 L.P.R.A. §8180 also establishes the same liability for withheld taxes (Docket No. 169). On July 9, 2015, Treasury filed its *Response in Opposition to Debtor's Statement of Uncontested Facts in Support of Motion for Summary Judgment* (Docket No. 171).

On August 4, 2015, the Debtor filed his *Reply to Treasury's Opposition to Debtor's Motion for Summary Judgment in Compliance with Order* arguing as follows: (i) the PR IRC 1994 does not establish personal liability for the tax debts of Home Extras, Inc. Section 6180 of the PR IRC 1994, 13 L.P.R.A. §8180, does not establish personal liability for failure to collect or withhold taxes for another person; (ii) section 6080.02 of the PR IRC 2011 incorporates in more detail  the persons that are liable, 13 L.P.R.A. §33332. Personal liability did not exist prior to the 2011 amendment; and (iii) 11 U.S.C. §507(a)(8)(C) is not applicable because the debt was incurred by Home Extras, Inc., not by the Debtor and thus, he is not personally liable (Docket No. 178).

On March 21, 2017, the Debtor filed his *Supplement to Motion for Summary Judgment* because there has been intervening case law; namely, In re Rosa Morrillo Serrano, 545 B.R. 447 (Bankr. D.P.R. 2016), regarding the matter of personal liability of a corporation's officials for collection and withholding of transfer taxes. The Debtor's position is that he was not the person in charge of the payment of wages to employees or services to independent contractors at Home Extras, Inc. (Docket No. 231).  On May 5, 2017, Treasury filed its *Reply to Debtor's Supplement to Motion for Summary Judgment Docket 231* arguing that pursuant to 11 U.S.C. §507(a)(8)(C) and section 6180 of the PR IRC 1994, 13 L.P.R.A. §8180, as amended by Section 6080.01 of the PR IRC 2011, 13 L.P.R.A. §33331, the Debtor as President of Home Extras, Inc. is personally liable for the unpaid trust taxes included in proof of claim #7. (Docket No. 236).

Lastly, on January 23, 2018, the Debtor filed a *Motion to Supplement Objection to Claim Number (7) by Creditor Treasury Department (Hacienda de P.R.) and Notice of Opportunity for a Hearing* arguing that Treasury's proof of claim for the years 2001, 2002 and 2003 is time barred because Treasury has four (4) years to assess the debt and a maximum of seven (7) years to initiate collection action, but never more than ten (10) years pursuant to 13 L.P.R.A. §§33005, 33006 (Docket No. 239).

***Debtor's arguments regarding objection to amended claim number 7-3***

Debtor's position is that he was not the person in charge of the payment of wages to employees or services to independent contractors at Home Extras, Inc. The Debtor alleges that the responsibility for collecting and withholding the transfer taxes befell upon Mr. Vicente Rodríguez who was the person in charge of the daily operations from the years 2001 to 2003 which is the period that Treasury claims the tax liabilities were incurred. Debtor's position is based upon sections 1141(a), (b), 1143(a), (e) of the PR IRC 1994, 13 L.P.R.A. §§8541(a), (b), 8543(a), (e). The Debtor argues that sections 6057 and 6180 of the PR IRC 1994, 13 L.P.R.A. §§ 8062, 8180 do not establish that the Debtor is the "person" required to deduct and retain trust fund taxes. The Debtor further contends that federal courts pursuant to sections 6672 and 6671 of the U.S. Internal Revenue Code, 26 U.S.C. §§6672 and 6671 have employed a test to determine the extent of personal responsibility to the officials, agents and employees of a corporation for the withholding and remittance of trust fund taxes. Under this particular test, two (2) requirements must be satisfied to be held accountable for the withholding of trust fund taxes; namely: (1) the individual must be the person responsible (required) to withhold the transfer taxes; and (2) the person must have willfully failed to ensure the withholding taxes were paid. Therefore, the fact that an individual is a corporate officer does not make him automatically liable for trust fund taxes (Docket No. 231).

***Treasury's arguments regarding opposition to objection to amended claim number 7-3***

Treasury's position is that pursuant to 11 U.S.C. §507(a)(8)(C) and section 6180 of the PR IRC 1994, 13 L.P.R.A. §8180, as amended by Section 6080.01 of the PR IRC 2011, 13

L.P.R.A. §33331, the Debtor as President and as an employer of a corporation is personally liable for the unpaid trust fund taxes in proof of claim #7. Treasury contends that Debtor's alleged lack of involvement in the daily operations of the business and that the operations manager is the one liable, is irrelevant as to determining responsibility. Treasury references <u>In re Rosa Morillo Serrano</u>, wherein this court stated that, "… the Debtor as President of Jet Center, Inc., as an officer of the corporation is personally responsible for these trust fund taxes and may not use the corporate structure to shield to prevent from complying with the responsibility that a person that collects or withholds trust fund taxes has to remit the same to Treasury." Treasury further argues that the applicable legal authority is the Puerto Internal Revenue Code not the U.S. Internal Revenue Code (Docket No. 236).

The parties agree as to the following uncontested material facts (Docket Nos. 156 & 171):

Material Uncontested Facts

1. Home Extras, Inc. was a corporation that operated approximately from the years 2001 through 2004.

2. The Debtor was the President of Home Extras, Inc., a corporation duly organized under the laws of the Commonwealth of Puerto Rico.

3. On February 11, 2015, the Debtor informed the court that both parties had agreed that the discovery period would end within the next thirty (30) days, that is, March 13, 2015.

Applicable Law and Analysis

*Standard for Motion for Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure, is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

-6-

party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; *see also*, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." Wright, Miller & Kane, Federal Practice and Procedure, 3d, Vol 10A, § 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144,

157 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325. See also, Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also, Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159.

For the reasons explained below, the Debtor's *Motion for Summary Judgment on Objection to Claim #7* is denied.

-8-

*Issues*

The first issue that must be resolved is whether Treasury's amended proof of claim for trust fund taxes pertaining to the tax years 2001, 2002 and 2003 is time barred because Treasury has four (4) years to assess the tax liability and a maximum of seven (7) years to initiate collection action, but never more than ten (10) years pursuant to Sections 6010.05 and 6010.06, 13 L.P.R.A. §§ 33005 and 33006. The PR IRC 1994 is the code that applies because the alleged taxes were incurred prior to the effective date of the Puerto Rico Internal Revenue Code of 2011. See Section 6110.04 of PR IRC 2011. The applicable provisions are sections 6005(a) and 6006(d) of the PR IRC 1994, 13 L.P.R.A. §§8025(a)[1], 8026(d)[2] (Refer to Docket No. 239).

---

[1] Section 6005(a) titled, *Prescriptive term for assessment and collection* provides in pertinent part:

(a) *General Rule*.- Except as provided in Section 6006, the amount of taxes or levies set forth under any part of this Code, shall be assessed within four (4) years after the date the tax return or statement was filed, and no court proceedings without assessment for the collection of such taxes shall be filed after the expiration of such term. If a taxpayer amends his/her tax return

13 L.P.R.A. §8025(a).

[2] Section 6006(d) titled, *Exceptions to the prescriptive term* provides in pertinent part:

(d) *Collection after assessment*.-

(1) When the assessment of any taxes imposed by this Code has been made within the prescriptive term properly applicable thereon, such taxes may be collected by means of demand for payment proceedings or court proceedings, insofar as these are filed (i) within seven (7) years following the date of tax assessment, or (ii) prior to the expiration of any term for collection agreed upon in writing before any seven (7) year term between the Secretary and the taxpayer. The term agreed upon may be extended by successive written agreements made before the expiration of the term previously agreed upon.

(2) Notwithstanding the provisions of Act Num. 230 of July 23, 1974, as amended, known as the "Puerto Rico Government Accounting Act," the Secretary, on his/her own initiative or by request of the taxpayers, shall proceed to eliminate from the files of the Department, and shall be barred to collect, any debts imposed under this Code or proceeding laws of which ten (10) years have already elapsed from the date of their assessment. For purposes of determining the prescriptive term, any interruption thereof shall be deemed to be the result of collection efforts made by the Secretary by means of demand for payment proceedings or court proceedings." 13 L.P.R.A. §8026(d).

This court in the case of In re Rosa Morillo Serrano, 545 B.R. 447, 452-453 (Bankr. D.P.R. 2016) stated the following regarding the mandatory provisions in a Chapter 13 plan for payment of trust fund taxes pursuant to 11 U.S.C. §507(a)(8)(C):

"Section 1322(a)(2) provides that a Chapter 13 plan, "shall provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim." 11 U.S.C. §1322(a)(2). Section 507(a)(8)(C) provides in pertinent part:

'[t]he following expenses and claims have priority in the following order:

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—
(C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity. 11 U.S.C. §507(a)(8)(C).

The type of taxes referred to in 11 U.S.C. §507(a)(8)(C) are 'trust fund taxes and the same are not dischargeable in bankruptcy irrespective of the age of the debt pursuant to 11 U.S.C. §§523(a)(1)(A) and 507(a)(8)(C). See In re Calabrese, 689 F. 3d 312, 314 (3rd Cir. 2012). 'It should be noted that, in contrast to all of the other portions of section 507(a)(8), there is no time limit applicable to trust fund taxes. A claim for trust fund taxes will be eligible for priority no matter what the age of the claim.' See Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy ¶507.11[4] (16th ed. 2015). Trust fund taxes generally include income taxes that an employer is required to withhold from the pay of his employees, the employee's portion of Social Security taxes, and sales taxes which were collected by the debtor from a third party. For a claim to be afforded priority under section 507(a)(8)(C) it must satisfy all of the following five (5) factors: (i) the claim is held by a governmental unit; (ii) it is a tax claim; (iii) the tax is owed by a party other than the debtor; (iv) the tax must be withheld or collected from another party and then transmitted to a governmental unit; and (v) the debtor must be liable for the tax payment in some capacity. Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy ¶507.11[4] (16th ed. 2015). Thus, if the tax at issue is actually owed by a taxpayer other than the debtor, and the debtor has the responsibility to withhold and/or collect monies (funds/tax receipts/revenues) and then remit the same to a taxing authority, then it is a trust fund tax and falls under the scope of section 507(a)(8). See Ill. Dep't. of Revenue v. Hayslett/Judy Oil, Inc., 426 F. 3d 899, 902 (7th Cir. 2005) ('These taxes are collected from individuals by a third party who then remits the tax to the government. Income tax and social security tax are common examples of 'trust fund taxes.' Citing Rosenow v. Ill. Dep't. of Revenue, 715 F. 2d 277, 279 (7th Cir. 1983)." In re Morillo Serrano, 545 B.R. at 452-453.

Moreover, Section 6180 of the PR IRC 1994, titled, "Liability for taxes collected" provides:

"Anytime any person is required to collect or withhold from any other person any taxes imposed by this Code and to remit said tax to the Commonwealth of Puerto Rico, the amount of the taxes thus collected or withheld shall be deemed to be a special trust fund for the Commonwealth of Puerto Rico. The amount of said fund shall be assessed, collected, and paid in the same manner and be subject to the same provisions and limitations, including penalties, that are applicable with regards to the taxes that gave origin to such fund, except that the provisions of sec. 6005 of this Part regarding the prescriptive term for assessment shall not apply and the Secretary may assess such amount at any time." 13 L.P.R.A. §8180.

Pursuant to section 6180 of the PR IRC 1994, the provisions of section 6005, 13 L.P.R.A. §8025, regarding the prescriptive term for assessment are not applicable. Thus, the liability may be assessed at any time. Consequently, the Debtor's argument that Treasury's amended proof of claim for trust fund taxes pertaining to the tax years 2001, 2002 and 2003 is time barred is misplaced. The court also finds that the decision in the Opinion and Order entered on January 12, 2017 in case number 16-00108 (BKT) is inapposite as the same addresses lien stripping and the recordation of federal tax liens on personal property. The court notes that the United States Revenue Service has moved for relief from said order.

The second issue before the court is whether the Debtor as President (or as an officer of a corporation) of Home Extras, Inc. is personally liable pursuant to the PR IRC 1994 for the trust fund taxes owed to Treasury, if there was a person whom the Debtor alleges was the operations manager and was responsible for the withholding and remittance of these taxes. Treasury's position is that since the Debtor was the President of said corporation, he is automatically responsible and therefore, personally liable for the trust fund taxes.

The Debtor's allegation that he was not responsible for withholding and remitting the trust fund taxes is contested. The Debtor alleges that Mr. Vicente Rodriguez as the operations manager was the person responsible for the withholding and remittance to Treasury of the trust fund taxes.

-11-

Treasury denied said material fact based on lack of knowledge and reiterated its position that the President and owner of a corporation responds for the entity he or she represents. However, Mr. Vicente Rodriguez as a plausible aggrieved party was not notified of this proceeding and has not had the opportunity to defend himself from the Debtor's allegations. Neither the Debtor nor Treasury have presented the views of Mr. Vicente Rodriguez to this court.

The Debtor also alleges that he does not have in his records any tax returns or tax withholding statements filed for Home Extras, Inc. for the tax years 2001, 2002 and 2003. Treasury also denied said material fact for lack of knowledge. Treasury further stated that it does not intervene in how the owner and President of a corporation maintain its business' files and records.

In view of the above, the court concludes that there are material issues of fact in controversy, which warrant that the motion for summary judgment be denied.

At this juncture, the court will provide notice and schedule an evidentiary hearing to determine whether Debtor and/or Mr. Vicente Rodriguez were responsible for the withholding and remittance of trust fund taxes to Treasury.

Conclusion

For the reasons stated herein, the Debtor's *Motion for Summary Judgment on Objection to Claim #7* is denied.

The court finds that pursuant to section 6180 of the PR IRC 1994, the provisions of section 6005, 13 L.P.R.A. §8025 regarding the prescriptive term for assessment are not applicable, and thus, the liability regarding trust fund taxes may be assessed at any time. Therefore, the Debtor's

argument that Treasury's amended proof of claim for trust fund taxes pertaining to the tax years 2001, 2002 and 2003 is time barred is denied.

SO ORDERED.

In San Juan, Puerto Rico, this 13th day of February, 2018.

Enrique S. Lamoutte
United States Bankruptcy Judge

-13-